**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Shelly J. Newton, <br><br>　　Plaintiff <br><br> v. <br><br> County of Clark Nevada, et al., <br><br>　　Defendants | 2:17-cv-03064-JAD-VCF <br><br> **Order Dismissing Case** |

　　On December 18, 2017, I ordered pro se plaintiff Shelly Newton to file a fully completed application to proceed *in forma pauperis* or pay the $400 filing fee, and I gave her 30 days to do so.[1] That thirty-day period has now expired, and Newton has not filed a completed pauper application, paid the filing fee, or otherwise responded to my order. I warned Newton that I would dismiss this case if she failed to comply.[2]

　　District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[3] A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[4] In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with

---

[1] ECF No. 3.

[2] *Id.*

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[4] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5]

I find that the first two factors weigh in favor of dismissal. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[6] The fourth factor is greatly outweighed by the factors in favor of dismissal, and a court's warning to a party that her failure to obey the court's order will result in dismissal satisfies the "consideration-of-alternatives" requirement.[7] Newton was warned that her case would be dismissed if she failed to file a completed pauper application or pay the $400 filing fee.[8]

Accordingly, IT IS HEREBY ORDERED that this action is **DISMISSED without prejudice** to Newton's ability to refile her claims in a new, separate action based on her failure to comply with my December 18, 2017, order.

The **Clerk of Court** is directed to **CLOSE THIS CASE**.

DATED: January 26, 2018.

_____
U.S. District Judge Jennifer A. Dorsey

---

[5] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[8] ECF No. 3.